IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN VIENT,<br><br>       Plaintiff,<br>v.<br><br>ANCESTRY,<br><br>       Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00051-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 24; ECF 41). There are numerous pending motions in this case, including multiple motions to dismiss filed by Defendant Ancestry.com Operations Inc. (Defendant) and a total of eleven motions filed by Plaintiff Benjamin Vient (Plaintiff). Having carefully considered the relevant filings, the undersigned RECOMMENDS that the court deny Defendant's motions to dismiss and grant Plaintiff one final opportunity to amend his complaint and effect service of process.

**I. BACKGROUND**

On January 23, 2019, Plaintiff filed a complaint alleging copyright infringement (ECF 1) and attempted to serve it on Defendant's legal department by certified mail (ECF 11). Thereafter Plaintiff filed a motion for service of process (ECF 4) and a motion to compel expedited discovery (ECF 8). Both of these requests were denied (ECF 5; ECF 9). Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief can be granted (ECF 10). In response, on March 15, 2019, Plaintiff filed an amended complaint (without leave of court) (ECF 14), proof that he sent the amended complaint to Defendant's counsel by certified mail

(ECF 21), and an opposition explaining why he believes the allegations in the amended complaint and attempts at service of process to be sufficient (ECF 15).

Plaintiff also filed a plethora of other motions, including: a "Motion for Defendant's More Definitive Answer" asking Defendant to provide contact information for service of process (ECF 16); a "Motion for Defendant's More Definitive Statement/Answer" consisting of queries resembling requests for admission and interrogatories directed at Defendant (ECF 17); a "Motion for Preliminary Injunctive Relief" to "stop Defendant from using Plaintiff's works without a Rights Agreement" (ECF 18); a "Motion to Compel Expedited Disclosure and/or Discovery" seeking to compel Defendant to produce evidence of "Defendant's usages of Plaintiff's work" on an expedited basis (ECF 19); and a "Motion to Schedule Conference and Order" requesting a hearing to discuss scheduling and discovery (ECF 20).

Defendant then filed a reply (ECF 26) in support of its first motion to dismiss and a second motion to dismiss (ECF 27) arguing that Plaintiff's amended complaint and attempts at service of process remain deficient. Plaintiff's opposition (ECF 29) to the second motion to dismiss further details his reasons for believing that his attempted service of process was sufficient and attempts to amend the allegations in his complaint. In response to Defendant's reply (ECF 30) to the second motion to dismiss, Plaintiff filed various additional pleadings in May 2019, including: a "Motion to Delineate Complaint's Relief" again attempting to amend the allegations in his complaint (ECF 31); a "Motion to Add Defendant" seeking to add the entity "Gannett" as a defendant in this action (ECF 32); and a "Reply" arguing that Plaintiff has made good faith efforts to serve Defendant (ECF 34). On May 14, 2019, without leave of court, Plaintiff served a second amended complaint (ECF 39-1) on Ancestry's registered agent (ECF

2

39, at 2). Plaintiff then filed two pleadings entitled "Proof of Service" (ECF 33; ECF 35) and another entitled "Return of Service" with a certified mail receipt (ECF 36).

On June 3, 2019, Plaintiff filed a motion for leave to amend his complaint pursuant to Rule 15(a)(2) (ECF 37), a third amended complaint (ECF 40) (again without leave of court), and a sealed "Motion to Use CM/ECF," the court's electronic filing system (ECF 38).[1] In its opposition to the motion to amend, Defendant argues that it has not been properly served and therefore has no obligation to respond to Plaintiff's motions and that the proposed amendments are defective (ECF 42). Defendant also filed a third motion to dismiss (ECF 39) arguing that Plaintiff's complaint is subject to dismissal under Rule 4(m), which requires service of the complaint within 90 days of filing the complaint, and that the amended complaint still remains deficient (ECF 39). In response, Plaintiff filed an opposition once again arguing that his good faith efforts to serve the complaint are sufficient (ECF 43). Plaintiff also filed a "Motion for Extension of Time to Serve" requesting additional time to serve Defendant (ECF 44).

## II. DISCUSSION

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of a pro se litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a

---

[1] This pleading was improperly filed under seal without leave of court. Because it does not contain any protectable information, the court ORDERS that this document be unsealed. The court refers Plaintiff to Local Rule 5-3, which explains the requirements and procedure for filing documents under seal.

3

plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court will review the pending motions in light of these standards.

The court will first examine Defendant's two pending motions to dismiss[2]: (1) Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) & (6) (ECF 27); and (2) Motion to Dismiss (ECF 39) (the Motions to Dismiss). In conjunction with the Motions to Dismiss, the court will consider Plaintiff's (1) "Motion for an Extension of Time to Serve" (ECF 44) and (2) "Motion to Amend" (ECF 37). The court will then examine Plaintiff's remaining motions in the following order. The court will first examine Plaintiff's motions relating to amendment of the complaint: (3) "Motion to Delineate Complaint's Relief" (ECF 31) and (4) "Motion to Add Defendant" (ECF 32). The court will next examine Plaintiff's discovery-related motions: (5) "Motion for Defendant's More Definitive Answer" (ECF 16); (6) "Motion for Defendant's More Definitive Statement/Answer" (ECF 17); (7) "Motion to Compel Expedited Disclosure and/or Discovery" (ECF 19); and (8) "Motion for More Definite Statement" (ECF 28). Lastly, the court will examine Plaintiff's other remaining motions: (9) "Motion for Preliminary Injunctive Relief" (ECF 18); (10) "Motion to Schedule Conference and Order" (ECF 20); and (11) "Motion to Use CM/ECF" (ECF 38).

### A.     Defendant's Motions to Dismiss[3]

As an initial matter, the court addresses which of Plaintiff's complaints is the operative pleading in this case. To date, Plaintiff has attempted to serve at least four complaints: (1) the

---

[2] Defendant's initial motion to dismiss (ECF 10) was superseded by its subsequent motions to dismiss (ECF 27; ECF 39), which incorporate by reference the arguments set forth in the initial motion.

[3] The court notes that Defendant has not waived service of process by filing multiple motions to dismiss or by raising a non-jurisdictional objection under Rule 12(b)(6). Defendant raised its jurisdictional objection under Rule 12(b)(5) in its first responsive pleading in accordance with Rule 12(b) and has carefully preserved that objection in its subsequent pleadings. Moreover,

initial complaint dated January 4, 2019 (ECF 1) (the Complaint); (2) an amended Complaint dated March 12, 2019 (ECF 14) (the Amended Complaint); (3) another amended complaint dated May 14, 2019 that was mailed to Ancestry (ECF 39-1) (the Second Amended Complaint); and (4) yet another amended complaint (ECF 40) (the Third Amended Complaint) filed after the Motion to Amend (ECF 37).

Typically, a plaintiff may amend his complaint once as a matter of course within 21 days of serving the complaint. *See* Fed R. Civ. P. 15(a)(1). However, where, as here, the initial complaint is not timely served, Plaintiff may not amend as a matter of course. *See Am. Mktg. All., LLC v. Stellia Ltd.*, No. 2:17-CV-309, 2018 WL 3145839, at *1 (D. Utah June 27, 2018). Instead, Plaintiff must file a motion for leave to file an amended complaint with a proposed amended complaint attached to the motion. *See* Fed. R. Civ. P. 15(a)(2); DUCivR 15-1. Due to the deficiencies with Plaintiff's service of process discussed below, Plaintiff was not entitled to amend as a matter of course, and the filing of any amended complaints without leave of court was improper. Although Plaintiff later filed a Motion to Amend (ECF 37), Plaintiff failed to attach his Third Amended Complaint (ECF 40) to that pleading and instead improperly filed it separately without leave of court. Thus, the operative pleading is Plaintiff's initial Complaint (ECF 1). However, in light of the pending Motion to Amend (ECF 37), the court will consider Plaintiff's most recent amendments in the Third Amended Complaint in conjunction with

---

"[f]ederal courts have long . . . recognized that the provision of Rule 12(b) of the Federal Rules of Civil Procedure that 'no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion' abolished the distinction between general and special appearances." *See Callahan v. Sw. Med. Ctr.*, No. CIV-03-1434-F, 2005 WL 1238770, at *1 n.2 (W.D. Okla. Apr. 29, 2005), *aff'd sub nom. Callahan v. Sw. Med. Ctr. of Lawton*, 178 F. App'x 837 (10th Cir. 2006) (quoting Fed. R. Civ. P. 12(b)).

Defendant's pending Motions to Dismiss. Defendant moves for dismissal pursuant to Rules 12(b)(5), 4(m), and 12(b)(6), which are addressed in turn below.

### 1. Dismissal for Insufficient Service of Process

Defendant seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process (ECF 27; ECF 39). Defendant argues that Plaintiff repeatedly sending pleadings to an Ancestry employee by certified mail is not sufficient. Plaintiff responds by arguing that he has made good faith efforts to serve Defendant. The court agrees that Plaintiff's attempts at service of process on Defendant have thus far been insufficient under the rules of this court. However, "[t]he general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Allison v. Utah Cty. Corp.*, 335 F. Supp. 2d 1310, 1314 (D. Utah 2004) (citations and internal quotations omitted). Accordingly, the undersigned RECOMMENDS that the court DENY Defendant's Motions to Dismiss pursuant to Rule 12(b)(5) (ECF 27; ECF 39), quash service of process on Defendant, and give Plaintiff additional time to serve Defendant.

The court refers Plaintiff to Rule 4 of the Federal Rules of Civil Procedure, which lists the requirements for proper service. Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)" and that the person who makes service must be "at least 18 years old and not a party" to the case. *See* Fed. R. 4(c). Plaintiff is responsible to serve a complete and accurate copy of the summons and the complaint that has been filed with the leave of the court. Plaintiff may not serve a version of the complaint with unauthorized amendments or alterations.

6

Under Rule 4, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). This method would typically require the use of a process server. The proper recipient of service for a corporation is "an officer or registered agent" of the corporation, not its counsel, legal department, or business address. *See Hernandez v. USF Reddaway*, No. 2:12CV475, 2013 WL 4430947, at *1–2 (D. Utah Aug. 16, 2013).

In addition, a corporation may be served by following state law for serving a summons in the state where the district court is located (Utah) or where service is made (California). Fed. R. Civ. P. 4(e)(1); 4(h)(1)(A). Both Utah and California allow service by mail on a corporation subject to additional requirements. Under Utah law, service by mail on a corporation is permitted only if "defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2). California law requires that the summons and complaint "be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment [form] . . . and a return envelope, postage prepaid, addressed to the sender" and that the form be executed and returned to the sender. Cal. Code. Civ. P. 415.30(a), (c). The use of certified mail alone is not sufficient for either of these methods. *See Hernandez*, 2013 WL 4430947, at *1–2.

In sum, Plaintiff has attempted to serve Defendant improperly on multiple occasions and must ensure compliance with the above rules going forward.

      2.    <u>Dismissal for Failure to Make Timely Service</u>

Defendant also seeks dismissal of the action pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve the complaint (ECF 39). Rule 4(m) provides that "[i]f a

defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *see also Jones v. Law Offices of Kirk A. Cullimore, LLC*, No. 2:15-CV-694 TS, 2016 WL 4257340, at *3 (D. Utah Aug. 11, 2016) (Courts "may not dismiss a case until after they have given the plaintiff an opportunity to show good cause."). "In order for a plaintiff to show good cause he must show meticulous efforts to comply with the rule. This means that a plaintiff's inadvertence, negligence, or ignorance of the rules will not constitute good cause for failure to effect timely service." *Christensen v. Weatherford US LP*, No. 2:16-CV-170 DB, 2017 WL 992534, at *1–2 (D. Utah Feb. 3, 2017) (citations and internal quotations omitted).

Defendant argues that the deadline for Plaintiff to serve the Complaint expired on April 23, 2019, nearly one month before Plaintiff attempted to serve a version of the complaint on Ancestry's registered agent on May 14, 2019 (ECF 39-1). In response, Plaintiff has requested an extension of time for service because of his good faith efforts to serve Defendant. The court notes that since the beginning of this action Plaintiff has made numerous, diligent (albeit improper) efforts to serve Defendant in compliance with the rules of the court. The court therefore finds that Plaintiff has shown good cause for an extension of time to effect service of process on Defendant. The undersigned RECOMMENDS that the court DENY Defendant's Motion to Dismiss pursuant to Rule 4(m) (ECF 39), GRANT Plaintiff's Motion for Extension of Time for Service (ECF 44), and allow Plaintiff an additional thirty days to serve Defendant in compliance with Rule 4.

8

### 3.    Dismissal for Failure to State a Claim

Defendant's final argument for dismissal of Plaintiff's claims is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (ECF 27; ECF 39).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A pleading that contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" is insufficient.  *Id.*  A pleading that offers "labels and conclusions," consists of "a formulaic recitation of a cause of action's elements," or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient. *Twombly*, 550 U.S. at 555–557.

The court agrees that Plaintiff's initial Complaint was deficient in numerous respects.  However, after each Motion to Dismiss was filed, Plaintiff made diligent efforts to amend his pleading to correct the deficiencies identified by Defendant.  The court also agrees that Plaintiff's most recent pleading—the Third Amended Complaint (ECF 40)—still has deficiencies.  The pleading consists primarily of unsupported accusations and legal conclusions without sufficient factual enhancement.  To state a claim for copyright infringement, Plaintiff must include well-pleaded factual allegations addressing each of the following elements: "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original."  *ITN Flix, LLC v. Univision Television Grp., Inc.*, 259 F. Supp. 3d 1300, 1306 (D. Utah 2017) (citations and internal quotations omitted).  It is not enough to rely on "clear eye-sight and common sense," (ECF 40), to meet these elements, or to expect that exhibits will speak for

themselves.  Rather, Plaintiff must include sufficient factual allegations to make it plausible that Defendant has acted unlawfully as to each element of a copyright infringement claim.

Plaintiff has moved to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (ECF 37).  Rule 15 permits the court to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Given Plaintiff's *pro se* status and the nature of his factual allegations, the court should afford him one final opportunity to amend.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend.").  The undersigned RECOMMENDS that the court DENY Defendant's Motions to Dismiss pursuant to Rule 12(b)(6) (ECF 27; ECF 39) and GRANT Plaintiff's Motion to Amend (ECF 37).

### B.      Plaintiff's Motions

Since the beginning of this case, Plaintiff has filed numerous motions that are frivolous and procedurally deficient.  Plaintiff's failure to comply with the rules of this court is unacceptable and results in unnecessary and excessive expense of judicial resources.  The court previously informed Plaintiff that despite his status as a pro se litigant, he is obligated to follow the Federal Rules of Civil Procedure and the District of Utah's Local Rules (ECF 9, at 3).  The court reiterates its expectation that Plaintiff comply with the rules of this court.  Failure to comply may result in filing restrictions or other sanctions.

#### 1.      Amendment-Related Motions

Plaintiff filed a "Motion to Delineate Complaint's Relief" attempting to amend the allegations in his complaint (ECF 31).  The undersigned RECOMMENDS that the court DENY

10

Plaintiff's motion at ECF 31 as moot in light of the recommendation that the court grant Plaintiff leave to amend his complaint.

Plaintiff also filed a "Motion to Add Defendant" seeking to add the entity "Gannett" as a defendant in this action (ECF 32). Defendant has indicated that it does not intend to object to the addition of Gannett as a defendant (ECF 42, at 2 n.3). Given there is no objection, the undersigned RECOMMENDS that the court GRANT Plaintiff's motion at ECF 32.

### 2. Discovery-Related Motions

Plaintiff has filed four motions relating to discovery in this case. The first is a "Motion for Defendant's More Definitive Answer" pursuant to Rule 12(e) asking Ancestry to provide contact information for service of process (ECF 16). "A party may move for a more definite statement of a pleading" in response to a pleading that "is so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Plaintiff filed this motion in response to Defendant's first Motion to Dismiss (ECF 10), which is neither vague nor ambiguous. Moreover, discovery is generally not permitted before a party has been properly served. Because these motions are procedurally improper, the undersigned RECOMMENDS that the court DENY Plaintiff's motion at ECF 16.

Plaintiff has filed two motions appearing to contain written discovery requests: (1) "Motion for Defendant's More Definitive Statement/Answer" consisting of queries resembling requests for admission and interrogatories directed at Ancestry (ECF 17); (2) "Motion for More Definite Statement" again containing queries resembling written discovery requests (ECF 28). Under Local Rule 26-1, it is not permitted to file written discovery requests with the court unless otherwise ordered by the court. *See* DUCivR 26-1. Rather, Plaintiff may

11

serve discovery requests on Defendant directly. The undersigned RECOMMENDS that the court DENY Plaintiff's motions at ECF 17 and ECF 28.

Plaintiff also filed a "Motion to Compel Expedited Disclosure and/or Discovery" seeking to compel Ancestry to produce evidence of "[Ancestry's] usages of Plaintiff's work" on an expedited basis (ECF 19). The court previously denied a similar request (ECF 9). For the reasons stated in the court's prior order, and because Plaintiff has failed to establish good cause, the undersigned RECOMMENDS that the court DENY Plaintiff's motion at ECF 19.

### 3. Other Motions

Plaintiff has filed two motions relating to case management: (1) "Motion to Schedule Conference and Order" requesting a hearing to discuss scheduling and discovery (ECF 20); (2) "Motion to Use CM/ECF" seeking permission to use the court's electronic filing system (ECF 38). Given that Plaintiff has yet to effect proper service on Defendant, Plaintiff's request for a case-management hearing is premature. Further, Local Rule 83-1.1 makes clear that self-represented parties are required to "file all documents conventionally in paper." *See* DUCivR 83.1-1(f)(2)(C). The undersigned RECOMMENDS that the court DENY Plaintiff's motions at ECF 20 and ECF 38.

Finally, Plaintiff has filed a "Motion for Preliminary Injunctive Relief" to "stop [Ancestry] from using Plaintiff's works without a Rights Agreement" (ECF 18). "To obtain a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018) (citation, alterations, and internal quotation marks omitted). Plaintiff's request consists of conclusory arguments that

fail to meet the high burden required for entry of an injunction. *See id.* ("Preliminary injunctions are extraordinary remedies requiring the movant's right to relief be clear and unequivocal."). The undersigned RECOMMENDS that the court DENY Plaintiff's motion at ECF 18 without prejudice.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Defendant's motions to dismiss (ECF 27; ECF 39) be DENIED without prejudice.

2. Plaintiff's motion for leave to amend complaint (ECF 37) and motion to add defendant (ECF 32) be GRANTED and that Plaintiff be granted fourteen (14) days to file an amended complaint that complies with this Order. Plaintiff's failure to timely file an amended complaint may result in dismissal of this action.

3. Plaintiff's motion for extension of time for service (ECF 44) be GRANTED and that Plaintiff be granted an additional thirty (30) days from the date the amended complaint is filed to effect service of process on all named defendants. Plaintiff's failure to timely serve defendants may result in dismissal of this action.

4. Plaintiff's remaining motions (ECF 16; ECF 17; ECF 18; ECF 19; ECF 20; ECF 28; ECF 31; ECF 38) be DENIED.

5. The court also ORDERS that ECF 38 be unsealed.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23 January 2020.

                                                */s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

14