IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN VIENT,<br><br>                Plaintiff,<br>v.<br><br>ANCESTRY,<br><br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00051-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

      This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 24; ECF 41). Before the court is Defendant Ancestry's (Defendant) Motion to Dismiss (ECF 55) seeking dismissal of Plaintiff Benjamin Vient's (Plaintiff) Amended Complaint (ECF 48). Also before the court is a Motion for Extension of Time for Service (ECF 60) and a Motion to Amend Complaint (ECF 61) filed by Plaintiff. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT Defendant's Motion to Dismiss (ECF 55); DENY Plaintiff's Motion for Extension (ECF 60); and DENY Plaintiff's Motion to Amend (ECF 61).

      **I.    BACKGROUND**

      Plaintiff initiated this copyright infringement action against Defendant nearly two years ago on January 23, 2019 (ECF 1). In 2019, Plaintiff improperly attempted to amend his complaint four times (ECF 14; ECF 39-1; ECF 40; ECF 37). During that time, Plaintiff also made numerous deficient attempts of serving these pleadings on Defendant. Defendant sought dismissal of these pleadings for insufficient service of process and failure to state a claim (ECF

27; ECF 39). In response, Plaintiff requested an extension of time for service of process and leave to amend his complaint (ECF 37; ECF 44).

On January 23, 2020, in light of Plaintiff's pro se status and his efforts to amend and serve the complaint, the undersigned recommended that the court deny dismissal and grant Plaintiff "one final opportunity to amend his complaint and effect service of process" (ECF 47 at 1). The Report and Recommendation explained the deficiencies with Plaintiff's pleadings and attempts at service and provided direction to Plaintiff on how to properly effect service under Federal Rule of Civil Procedure 4 (*Id.*). On February 12, 2020, the District Judge issued an Order adopting the Report and Recommendation in full (ECF 51). The court ordered Plaintiff to file an amended complaint within 14 days and to effect service of process on Defendant within 30 days of filing the amended complaint (ECF 47; ECF 51). The court warned Plaintiff that failure to comply with these deadlines may result in dismissal (*Id.*).

On that same day, Plaintiff timely filed his Amended Complaint (ECF 48). On March 6, 2020, Plaintiff attempted to send the summons and Amended Complaint to Defendant's registered agent in California via certified mail (ECF 55 at 2). The 30-day deadline for service expired on March 13, 2020 without any filing by Plaintiff showing proof of service or requesting additional time for service. On May 8, 2020, Plaintiff filed a proof of service affirming that Defendant's registered agent in Utah had been served via process server on May 6, 2020 (ECF 59).

On April 10, 2020, Defendant filed the instant Motion to Dismiss (ECF 55) seeking dismissal of the Amended Complaint (ECF 48) pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim. On May 22, 2020, Plaintiff filed an Opposition (ECF 62) and the instant Motion for Extension of Time

for Service (ECF 60) and Motion to Amend Complaint (ECF 61). Defendant maintains that Plaintiff's pleadings and attempts at service remain deficient (ECF 63; ECF 64; ECF 65), which Plaintiff disputes (ECF 66; ECF 67).

## II.     DISCUSSION

### A.     Dismissal for Insufficient Service of Process

Defendant seeks dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Rule 12(b)(5) allows a party to challenge "the mode of delivery or the lack of delivery of the summons and complaint." *Marion v. Weber County*, No. 1:18-cv-00148, 2019 WL 5550015, at *1 (D. Utah Oct. 28, 2019) (citation and internal quotation marks omitted). The plaintiff "bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Id.* (citation and internal quotation marks omitted). "Although the court construes pro se pleadings liberally, a pro se litigant is required to follow the same rules of procedure as other litigants." *Allison v. Utah County Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004). This means that "a pro se litigant 'is still obligated to follow the requirements of Fed. R. Civ. P. 4.'" *Id.* (quoting *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)).

Dismissal under Rule 12(b)(5) "may be based on a plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m)." *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-00176-JNP-BCW, 2017 WL 3379106, at *1 (D. Utah Aug. 3, 2017) (citation and internal quotation marks omitted). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

3

specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Even "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "The court may then, within its discretion, dismiss without prejudice or extend the time for service." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003).

Here, the court agrees that the Amended Complaint is subject to dismissal for insufficient service of process. The court already extended the time for service for good cause pursuant to Rule 4(m), yet Plaintiff failed to properly effectuate service before the court-ordered deadline. The court gave Plaintiff instructions for proper service under Rule 4 and explained that certified mail alone is not sufficient and that a process server may be required (ECF 47 at 7). Despite this, Plaintiff's only attempt at service during the extended timeframe specified by the court was yet another improper attempt to serve Defendant in California himself using certified mail. Although Plaintiff claims that a third party sent the documents (ECF 62), no proof of service with this alleged server's affidavit was ever filed with the court. *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court . . . [P]roof must be by the server's affidavit."). Even though Plaintiff later used a process server to serve Defendant in Utah and filed a proof of service (ECF 59), this attempt at service was also defective because it was untimely. Without requesting an extension of time, Plaintiff attempted to serve Defendant on May 6, 2020, nearly two months after the court-ordered deadline for service on March 13, 2020. This untimely attempt at service is therefore without effect. *See Womble*, 84 F. App'x at 20 (finding untimely service to be without effect "absent a finding of good cause or a permissive extension from the district court").

4

The court does not find good cause for an additional extension of time for service. Plaintiff's request for an extension neither shows good cause for an extension nor establishes excusable neglect for his untimely request.  *See* Fed. R. Civ. P. 6(b).  Despite the fact that Plaintiff has shown no difficulties with submitting filings to the court and had previously requested similar relief, Plaintiff's request for extension was filed on May 22, 2020, over two months after the deadline for service and two weeks after filing his proof of service.  In his request, Plaintiff provides no explanation for the delay in requesting the extension or any reason why he was unable to serve Defendant before the deadline.  Instead, Plaintiff appears to assert that he is entitled to a retroactive extension of time for service simply because he managed to serve Defendant during a "public health state emergency" (ECF 60).  Presumably, Plaintiff is referring to the COVID-19 pandemic, which the court notes did not result in significant disruptions to business operations until after Plaintiff's deadline for service and therefore cannot excuse his failure to timely serve Defendant or timely request an extension for service.

The court also declines to grant a permissive extension of time and instead recommends dismissal of the Amended Complaint.  The Tenth Circuit has held that "dismissal of a pro se complaint may be proper pursuant to Rule 4(m)," *Carter v. Sharp*, 103 F.3d 144, 1996 WL 709847, at *1 (10th Cir. Dec. 10, 1996), especially where the plaintiff fails to cure known service defects, *Jones v. Frank*, 973 F.2d 872, 873–74 (10th Cir. 1992) (dismissing complaint where the plaintiff "fail[ed] to correct his service defects after being told what was wrong").  Here, as explained above, despite specific instructions from this court on how to cure service defects and a clear warning that failure to timely effect service could result in dismissal, Plaintiff has continued to make deficient attempts at service, violate rules of procedure, and ignore court

orders. Even considering Plaintiff's pro se status, the court cannot tolerate such a blatant disregard for the orders of this court and the rules of practice. Under these circumstances, the court in its discretion finds that a permissive extension is not warranted and that the court should dismiss the Amended Complaint for insufficient service of process. Accordingly, the undersigned RECOMMENDS that the court GRANT Defendant's Motion to Dismiss (ECF 55) the Amended Complaint (ECF 48) pursuant to Rule 12(b)(5) and DENY Plaintiff's Motion for Extension of Time for Service (ECF 60).

### B. Dismissal for Failure to State a Claim

Defendant also seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and in response, Plaintiff has requested leave to amend his complaint (ECF 61). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A pleading that contains "naked assertion[s]" devoid of "further factual enhancement" is insufficient to meet the plausibility standard. *Id.* at 555–57. Here, even construing Plaintiff's pro se pleading under a liberal standard, the court agrees that the Amended Complaint fails to state a claim. The court previously explained to Plaintiff that referring the court to exhibits as examples and stating that they speak for themselves is insufficient to meet the plausibility standard (ECF 47). Despite this, Plaintiff's Amended Complaint suffers from the same defects as his prior pleadings, once again relying on "clear eye-sight and common sense" and unsupported legal conclusions (ECF 48), rather than specific factual allegations to support the elements of his claims. The undersigned therefore RECOMMENDS that the court GRANT Defendant's Motion to Dismiss (ECF 55) the Amended Complaint (ECF 48) pursuant to Rule 12(b)(6).

The court declines to grant Plaintiff's request for another opportunity to amend his pleading for several reasons.  First, Plaintiff's Motion to Amend (ECF 61) is procedurally improper because it fails to attach a copy of the proposed amended pleading in violation of DUCivR 15-1(a)(1), and it fails to provide any basis for the proposed amendment.  *See Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (noting that courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists" (citation and internal quotation marks omitted)).  Second, although Rule 15 states that amendments should be freely granted, Fed. R. Civ. P. 15(a)(2), the court may deny amendment for "repeated failure to cure deficiencies by amendments previously allowed" as well as "futility of amendment," *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation and internal quotation marks omitted).  Here, Plaintiff has improperly attempted to amend his deficient pleadings numerous times since the beginning of this case and continues to ignore clear instructions from the court on how to cure pleading deficiencies and properly request amendment.  When the court explained the deficiencies with his pleading and granted him leave to amend for the purpose of curing those deficiencies, he not only failed to cure these deficiencies in the Amended Complaint, he also filed yet another procedurally improper request for leave to amend.  Because of his continued failure to heed instructions from the court, the court finds that giving Plaintiff another opportunity to amend his pleading would be futile.  The court therefore RECOMMENDS that the court deny Plaintiff's Motion to Amend (ECF 61).

"Dismissal under 12(b)(6) is generally with prejudice where amending would be futile." *Swallow v. South Jordan City*, No. 2:14-cv-00881-DN, 2017 WL 2656115, at *8 (D. Utah June 20, 2017) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).  The Tenth Circuit has upheld dismissals with prejudice for failure to cure pleading deficiencies on the

grounds of futility of amendment. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) (concluding that "another opportunity to amend would be futile" where the district court told the plaintiff "plainly to add more facts," yet he failed to do so); *Ngatuvai v. Breckenridge*, 446 F. App'x 129, 130 (10th Cir. 2011) (concluding that "dismissal with prejudice was appropriate because [the plaintiff] had been afforded ample opportunity to cure the deficiencies in his . . . complaint"). "There is a limit to how many bites even a pro se plaintiff can have at the apple." *Fuentes*, 314 F. App'x at 145. As explained above, Plaintiff has met that limit in this case. Accordingly, the undersigned RECOMMENDS that the Amended Complaint (ECF 48) be dismissed with prejudice.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF 55) be GRANTED;

2. Plaintiff's motion for extension of time for service (ECF 60) be DENIED;

3. Plaintiff's motion for leave to amend complaint (ECF 61) be DENIED; and

4. The Amended Complaint (ECF 48) be dismissed with prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5 January 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah