IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BENJAMIN VIENT,**  <br><br>    Plaintiff,  <br><br> vs.  <br><br> **ANCESTRY,**  <br><br>    Defendant, | **MEMORANDUM DECISION AND ORDER**  <br><br> Case No. 2:19-CV-51-DAK  <br><br> Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion for Reconsideration of the Court's Memorandum Decision and Order Adopting Report & Recommendation, dated February 3, 2021. Plaintiff asserts that his motion is brought pursuant to Federal Rules of Civil Procedure 4(m), 8(a), 15(a)(2), 59€, and 60(a). The court concludes that oral argument would not significantly aid in its determination of the motion.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already

addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Plaintiff has not attempted to meet any of these standards. Plaintiff merely re-argues his prior positions. Plaintiff claims that the court did not specifically address Rule 4, 8, or 15 in its prior order adopting the Report and Recommendation. While the court did not specifically identify the rules, the court's order addressed the substantive requirements of those rules. The court stated that Plaintiff had been given instructions on how to amend and effect service and he had failed to cure the prior defects outlined by the court. The court also explained that Plaintiff's Amended Complaint remained too vague and conclusory to state a plausible claim. Plaintiff contends that the court should freely give leave to amend, but his argument ignores the court's finding that leave had been freely given and his failure to cure the defects demonstrated that another opportunity to amend would be futile. Rule 15 does not require or support unlimited opportunities to amend. The court fully reviewed Petitioner's objections to the Magistrate Judge's Report & Recommendation and reviewed the matters *de novo*. Plaintiff has not advanced any new arguments that would change the prior outcome. Therefore, the court concludes that Plaintiff's motion lacks merit. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

DATED this 16th day of March, 2021.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge