# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BENJAMIN VIENT,**<br><br>      Plaintiff,<br><br>vs.<br><br>**ANCESTRY,**<br><br>      Defendant, | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-CV-51-DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Plaintiff's Motion for Relief Under Rule 60(a) [ECF No. 84], Plaintiff's Motion for Facts to Support Plaintiff's Position [ECF No. 88]; and Defendant's Motion for Attorney Fees [ECF No. 84]. The court concludes that oral argument would not significantly aid in its determination of the motions. Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions and the facts and law relevant to the issues.

## Rule 60(b) Motion

      Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds for relief from a final judgment or order, including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is extraordinary and may only be granted in "exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal

from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).  A plaintiff may not merely rehash arguments that were already addressed and ruled on by the court.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff has failed to meet his burden under Rule 60.  Plaintiff's motion merely rehashes his previous arguments, which were fully considered and ruled upon by the court in its prior decision.  Plaintiff asserts several of the arguments that he asserted in his motion for reconsideration, which the court denied.  Plaintiff has not demonstrated any mistake or error in law in the court's prior ruling.  In addition, none of Plaintiff's arguments provides a basis for relief from judgment.  Plaintiff has not asserted anything that would make this court revisit or modify its prior rulings.  Accordingly, Plaintiff's motion for relief from judgment is denied.

## Motion for Facts

Plaintiff's Motion for Facts to Support Plaintiff's Decision seeks evidentiary facts to support his opposition to Defendant's Motion for Attorney Fees.  Specifically, Plaintiff requests that Defendant produce (1) a list, referenced in the Affidavit of Seth Hoffer [ECF No. 86-1], which included a list of articles on Newpaper.com that referenced Ben Vient and (2) a chart referenced in email correspondence between Defendant and Plaintiff that was provided in Defendant's discovery responses.  Plaintiff asserts that the list and chart are essential to justify his opposition to Defendant's Motion for Attorney Fees.

Plaintiff states that he is filing this motion because it is necessary to support his opposition to Defendant's motion for attorney fees, but he filed this motion two weeks after he filed his opposition.  Plaintiff has not explained how a list of his articles compiled in separate lawsuits is relevant to Defendant's motion for attorney fees.  The parties do not dispute the fact that Plaintiff wrote articles that were available on certain websites.  Furthermore, Plaintiff does

not explain why he does not already have access to the chart from the other lawsuit. He was a party to the other lawsuits and should have access to the discovery in that case. In addition, the referenced list is public information. Plaintiff does not explain why he could not do his own similar search on newspaper.com. While there may be instances when a party could be entitled to engage in post-judgment discovery, Plaintiff has provided no basis for doing so in this case. Accordingly, the court denies Plaintiff's motion for facts.

### **Motion for Attorney Fees**

Section 505 of the Copyright Act grants district courts discretion to award "reasonably attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505. A party qualifies as the "prevailing party" when the court awards it relief that "materially alter[s] the legal relationship between the plaintiff and the defendant." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1236-37 (10th Cir. 2018). A defendant prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651-54 (2016).

Fees under § 505 are not awarded "as a matter of course." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). To award fees under § 505, a court must make a "particularized," "case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). The Supreme Court has recognized a list of nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19. These factors and other considerations must be applied

evenhandedly to prevailing plaintiffs and prevailing defendants.  *Id.*  Defendant qualifies as a prevailing party in this action.

      Defendant asserts that Plaintiff's Amended Complaint was frivolous, he brought it with improper motivations, his factual and legal positions in this lawsuit were objectively unreasonable, and an award of attorney's fees is necessary to compensate Defendant and deter Plaintiff from engaging in similar misconduct in the future.  Plaintiff filed this action despite having already sued and settled his infringement claims in two other cases.  Plaintiff contends that his claims have merit.  But that assertion is belied by the court's dismissal of his claims for failure to state a claim.  The court recognizes that the merits of Plaintiff's claims could not be specifically determined, but that was because he repeatedly refused to follow the court's orders as to how to state a claim.  And the exhibits Plaintiff references to support his assertion that his claims have merit do not actually support his position.  Therefore, although the claims may not be frivolous, it appears that it was objectively unreasonable for Plaintiff to bring a new action to assert the same claims he had already settled.  For these reasons, the court finds it is appropriate to award fees in order to deter Plaintiff from engaging in future repetitive actions.  The court recognizes that Defendant has paid over $60,000 in attorney's fees to defend this action.[1]  But, for purposes of deterring Plaintiff from further repetitive actions based on the same and already settled matters, the court concludes that a fraction of that amount is sufficient.  Accordingly, the court awards Defendant $6,000 in attorney's fees.

---

[1] Plaintiff did not dispute that the attorney's fees Defendant requested were reasonable.  The court finds that the hourly rates were in line with rates of comparable Salt Lake attorneys and that the number of hours expended were reasonable.  The court, however, concludes that an amount sufficient to deter Plaintiff from future actions is the appropriate amount to award.

**Conclusion**

For the reasons stated above, Plaintiff's Motion for Relief Under Rule 60(a) [ECF No. 89] is DENIED, Plaintiff's Motion for Facts to Support Plaintiff's Position [ECF No. 88] is DENIED; and Defendant's Motion for Attorney Fees [ECF No. 84] is GRANTED IN PART AND DENIED IN PART.  The court awards Defendant $6,000 in attorney's fees.

DATED this 26th day of May, 2021.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge